System Generated Hearing Date: 1/19/2026 10:00 AM
Location: Court Room 0208
Judge: Hamilton, Carrie E.

Case: 1:25-cv-13260 Document #: 1-2 Filed: 10/30/25 Page 1 of 11 PageID #:7

FILED DATE: 9/26/2025 9:14 AM   20256012767

FILED
9/26/2025 9:14 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20256012767
Courtroom, 0208
34628286

Andre Nesbit
719 E 155th Ct
Phoenix, IL, 60426
562-578-4556
anesbit91@gmail.com

IN THE CIRCUIT COURT OF COOK COUNTY

CIVIL DIVISION

| | |
|---|---|
| ANDRE NESBIT,<br><br>    Plaintiff,<br><br>vs.<br><br>The Village of Phoenix<br><br>and John Doe (Officer Green/Badge 81)<br><br>    Defendants, | Case No. **20256012767**<br><br>Amount: $50,000.00<br><br>1) Complaint |

## Complaint

COMPLAINT

## Parties

1. <u>Andre Nesbit</u>

2. <u>The Village of Phoenix</u>

3. <u>John Doe (Officer Green/Badge 81)</u>

## Plaintiff's Statement of Claim

*Plausible Claim for Relief*

1. On 9/13/2025, The Village of Phoenix via Officer Green committed a unreasonable and unpermitted search of the property located at 719 E 155th CT, Phoenix, IL, 60426.

2. Officer Green Came onto the property and inspected the driveway without a warrant, probable cause, or permission from the residence.

3. Officer Green threatened to come in the property.

4. Officer Green claimed he was doing a wellness check on Mae Nesbit.

5. No citizen called for a wellness check on Mae Nesbit.

6. Officer Green was told to leave the property by the residents of the property, Mae Nesbit and Andre Nesbit.

7. Officer Green refused, instead he smiled and stated ¨you know what? I think I smell gas.¨

8. Officer Green called the Fire Department of Phoenix.

9. The Fire Department of Phoenix Confirmed their was no gas leak

10. Officer Green stated he will not leave the property unless all residents ID themselves.

11. The Phoenix Police Department refuses to make police reports for Andre Nesbit against Nya Prude for violations of 720 ILCS 5/12-30, 720 ILCS 5/10-5(1), and 720 ILCS 5/10-5.5(b).

12. The Parental Kidnapping happened in December of 2021.

13. The Phoenix police department will not take any reports for violations of 720 ILCS 5/12-30, 720 ILCS 5/10-5(1), and 720 ILCS 5/10-5.5(b). due to the Plaintiff's, sex and race.

## Jurisdiction

Personal Jurisdiction

14. The plaintiff, for all times mentioned herein, is a citizen of Illinois

15. The defendants, for all times mentioned herein, is a citizen of Illinois.

16. Personal jurisdiction and venue are proper in this circuit court pursuant to Article VI Section 9 of the Illinois Constitution, because the defendant caused harm to plaintiff in Cook County, IL.

Subject Matter Jurisdiction

17. The Court has subject matter Jurisdiction over the claims presented under Article VI Section 9 of the Illinois Constitution. The Plaintiff is a resident of Illinois and the defendant is a resident of Illinois.

18. The Court has the authority to grant Declaratory Judgements pursuant to 735 ILCS 5/2-701.

## Venue

19. The venue is proper in this judicial district pursuant to (750 ILCS 60/209), as it is where the Respondent Resides.

## Federal Claims

## 42 U.S. Code § 1983

20. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

21. Patzner v. Burkett, 779 F.2d 1363, 1367 (CA8 1985) ("[A] municipality may be liable if it had notice of prior misbehavior by its officers and failed to take remedial steps

amounting to deliberate indifference to the offensive acts"), (City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).

# Count I-Deprivation of Fourth Amendment Rights of the U.S. Constitution (John Doe) (Officer Green/Badge 81) ($15,000)

22. Officer Green Came onto the property and inspected the driveway without a warrant, probable cause, or permission from the residence.

23. Officer Green threatened to come in the property.

24. Officer Green claimed he was doing a wellness check on Mae Nesbit.

25. No citizen called for a wellness check on Mae Nesbit.

26. Officer Green was told to leave the property by the residents of the property, Mae Nesbit and Andre Nesbit.

27. Officer Green refused, instead he smiled and stated ¨you know what? I think I smell gas.¨

28. Officer Green called the Fire Department of Phoenix.

29. The Fire Department of Phoenix Confirmed their was no gas leak

30. Officer Green stated he will not leave the property unless all residents ID themselves.

31. Officer Green violated the Fourth Amendment rights of the residence.

## State Claims

## Intentional Infliction of Emotional Distress Case Law

32. In McGrath v. Fahey, 126 Ill. 2d 78 (1988), this court set forth the three elements necessary to state a cause of action for intentional infliction of emotional distress, stating:

33. "First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress. (Public Finance Corp. v. Davis (1976), 66 Ill. 2d 85, 90.)" (Emphases in original.) McGrath, 126 Ill. 2d at 86.

34. "To meet the 'extreme and outrageous' standard, the defendants' conduct 'must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community.'" Id. at 864 (citing Kolegas, 607 N.E.2d at 211).

35. In Illinois, an employer can be vicariously liable for torts committed by an employee in the scope of the employment. Wright v. City of Danville, 174 Ill. 2d 391, 405 (1996).

36. Where an employee's deviation from the course of employment is slight and not unusual, a court may find as a matter of law that the employee was still executing the employer's business. (Boehmer v. Norton (1946), 328 Ill. App. 17, 21, 24.)

## Count II-Intentional Infliction of Emotional Distress

## (The Village of Phoenix)($10,000)

37. Officer Green Came onto the property and inspected the driveway without a warrant, probable cause, or permission from the residents.

38. Officer Green threatened to forcefully enter the property.

39. Officer Green claimed he was doing a wellness check on Mae Nesbit.

40. No citizen called for a wellness check on Mae Nesbit.

41. Officer Green was told to leave the property by the residents of the property, Mae Nesbit and Andre Nesbit.

42. Officer Green refused, instead he smiled and stated ¨you know what? I think I smell gas.¨

43. Officer Green called the Fire Department of Phoenix.

44. The Fire Department of Phoenix came to the home of Andre Nesbit and confirmed their was no gas leak

45. Officer Green stated he will not leave the property unless all residents ID themselves.

46. Officer Green violated the Fourth Amendment rights of the residence.

COMPLAINT

47. Officer Green committed all acts within the scope of his employment with the Village of Phoenix and was executing his employer´s business.

48. Officer Green´s conduct was ¨beyond all possible bounds of decency, and intolerable in a civilized community;¨ additionally, his behavior is specifically prohibited in the U.S. and Illinois constitution.

## Illinois Negligence Case Law

50. A claim for negligence under Illinois law has three elements: the existence of a duty, the breach of that duty, and an injury proximately caused by the breach. Kirk v. M. Reese Hospital & Medical Center, 117 Ill. 2d 507, 111 Ill.Dec. 944, 513 N.E.2d 387, 395-6 (1987).

## 750 ILCS 60/303

51. Every law enforcement officer investigating an alleged incident of abuse, neglect, or exploitation between family or household members shall make a written police report of any bona fide allegation and the disposition of such investigation. The police report shall include the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation.

## 750 ILCS 60/103

52. "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation

53. "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances; would cause a reasonable person emotional

distress; and does cause emotional distress to the petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress

54. "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

## Count III-Negligence

## (The Village of Phoenix)($25,000.00)

55. The Village of Phoenix owed a duty to the Plaintiff, pursuant to 750 ILCS 60/303, to take police reports for abuse the Plaintiff received from Nya Prude.

56. Nya Prude violated statutes 720 ILCS 5/12-30, 720 ILCS 5/10-5(1), 20 ILCS 5/10-5.5(b).

57. Nya Prude violated these statutes to abuse Andre Nesbit from 12/25/2021 until present day.

58. The Village of Phoenix Breached its Duty to take reports by negligently, recklessly, carelessly, and unlawfully refusing to take reports for abuse or the violations committed by Nya Prude.

59. Any reasonable person would have foreseen and predicted the harm that has resulted from the defendants actions.

60. As direct and legal result of said wrongful conduct, the plaintiff suffered severe emotional and physical distress; and pain and suffering till this day.

61. As a result of The VIllage of Phoenix´s unlawful conduct, the plaintiff is entitled to penalties and damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

62. For compensatory damages in the amount of $50,000.00 Mental Anguish and infliction of severe emotional distress.

63. Preliminarily and permanently enjoin the Defendant to take all police from the Plaintiff without retaliation.

64. Preliminarily and permanently enjoin the Defendant to obey statute 750 ILCS 60/303.

Dated: 9/22/2025         Respectfully Submitted

*Andre Nesbit*

_____
Attorney Name

COMPLAINT